# EXHIBIT A

BURDC00054818

Burlington Civil Div.
49 Rancocas Rd
Mount Holly NJ 08060
(609) 518-2865

**USPS CERTIFIED MAIL™**



9214 8969 0117 0400 0004 1353 56

00437 07
ONEMAIN FINANCIAL, INC.
6801 COLWELL BLVD.
IRVING TX 75039





|  Court's Address and Phone Number:<br>BURLINGTON Special Civil Part<br>49 RANCOCAS ROAD<br>MOUNT HOLLY, NJ 08060-0000<br>609-518-2865 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>**BURLINGTON** County<br>Docket No: **BUR-DC-000548-18**<br>Civil Action<br>**TORT-OTHER** |
|---|---|

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)**<br>Frances Webster<br>See Page 3 for Plaintiff list | **Person or Business Being Sued (*Defendant*)**<br>OneMain Financial, Inc. and Experian Information Solutions, Inc.<br>See Page 3 for Defendant list |
|---|---|
| **Plaintiff's Attorney Information**<br>DANIEL ZEMEL<br>ZEMEL LAW<br>78 JOHN MILLER WAY STE 430<br>KEARNY, NJ 07032-0000<br>862-227-3106 | **The Person or Business Suing You Claims You Owe the Following:**<br>Demand Amount          $5000.00<br>Filing Fee                   $180.00<br>Service Fee                 $14.00<br>Attorney's Fees          $0.00<br>**TOTAL                   $5194.00** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 03/05/2018, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey*. Include **BUR-DC-000548-18** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **03/05/2018**.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **03/05/2018**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 609-261-1088. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 609-261-4862. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith
Clerk of the Superior Court



|  Dirección y teléfono del tribunal<br>Parte Civil Especial de BURLINGTON<br>49 RANCOCAS ROAD<br>MOUNT HOLLY, NJ 08060-0000<br>609-518-2865 | El Tribunal Superior de Nueva Jersey<br>División de Derecho, Parte Civil Especial<br>Condado de BURLINGTON<br>Número del expediente BUR-DC-000548-18<br>Demanda de Acción Civil<br>NOTIFICACIÓN DE DEMANDA<br>TORT-OTHER |
|---|---|
| ¡LE ESTÁN DEMANDANDO! |

| **Persona o entidad comercial que le está demandando** (*el demandante*)<br>Frances Webster<br>See Page 3 for Plaintiff list<br>**Información sobre el abogado del demandante**<br>DANIEL ZEMEL<br>ZEMEL LAW<br>78 JOHN MILLER WAY STE 430<br>KEARNY, NJ 07032-0000<br>862-227-3106 | **Persona o comercial ser demandada** (*el demandado*)<br>OneMain Financial, Inc. and Experian Information Solutions, Inc.<br>See Page 3 for Defendant list<br>**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:**<br>Cantidad a la vista        $5000.00<br>Tasa judicial              $180.00<br>Cargo del emplazamiento    $14.00<br>Honorarios del abogado     $0.00<br>**TOTAL**                 **$5194.00** |
|---|---|

**PARA USO EXCLUSIVO DEL PODER JUDICIAL**

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 03/05/2018 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:**

1. ***Responder a la demanda.*** Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "***Treasurer, State of New Jersey***" (Tesorero del Estado de Nueva Jersey). Incluya **BUR-DC-000548-18** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **03/05/2018**.

2. ***Resolver la disputa.*** Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **03/05/2018**.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 609-261-1088. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 609-261-4862. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ **Michelle M. Smith**
Subsecretario(a) del Tribunal Superior

|  Court's Address and Phone Number:<br>BURLINGTON Special Civil Part<br>49 RANCOCAS ROAD<br>MOUNT HOLLY, NJ 08060-0000<br><br>609-518-2865 | Superior Court of New Jersey<br>Law Division, Special Civil Part<br>BURLINGTON County<br>Docket No: **BUR-DC-000548-18**<br>**Civil Action**<br>**SUMMONS**<br>**TORT-OTHER** |
|---|---|
| **Additional Plaintiffs/demandantes adicionales** | **Additional Defendants/demandados adicionales**<br>Experian Information Solutions |



Daniel Zemel ID# 111402014
Nicholas Linker ID#146732015
Zemel Law LLC
78 John Miller Way Suite 430
Kearny, NJ 07032
T:862-227-3106
E:dz@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| Frances Webster, | ) SUPERIOR COURT OF NEW JERSEY |
| | ) LAW DIVISION – SPECIAL CIVIL PART |
| Plaintiff, | ) BURLINGTON COUNTY |
| vs. | ) |
| | ) Case No.: |
| OneMain Financial, Inc.; Experian | ) |
| Information Solutions, Inc., | ) Civil Action |
| | ) |
| Defendants. | ) COMPLAINT |
| | ) |
| | ) |

Plaintiff, Frances Webster (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2.  Plaintiff is a New Jersey resident, and the cause of action arose in New Jersey. As such, this Court has jurisdiction and venue over this action pursuant to R. 6:1-3.

## PARTIES

3.  Plaintiff is a natural person who at all relevant times has resided in Maple Shade, New Jersey.



4. Defendant OneMain Financial, Inc. ("OneMain") is a business entity that regularly conducts business in New Jersey, with its principal place of business at 6801 Colwell Blvd., Irving, Texas 75039. OneMain is a "furnisher", as used in 15 U.S.C. § 1681s-2.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in New Jersey with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## BACKGROUND

6. There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

7. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

8. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

9. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

10. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

11.     The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

12.     The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d at 723. This date also cannot be changed.

## FACTUAL STATEMENT

13.     OneMain owned a debt allegedly incurred by Plaintiff through the use of a credit card used primarily for personal, familial and household use.

14.     In an attempt to collect on the debt, OneMain placed a trade line on Plaintiff's credit report.

15.     The trade line bearing account number 607439024318****, on an Experian credit report dated September 19, 2016 showed a First Reported Date as November 2013.

16.     Experian has received a number of disputes from Plaintiff disputing the dates being reported on the OneMain account starting as early as September 2016.

17.     In response to Plaintiff's disputes, OneMain failed to reasonably investigate the reporting, verifying the trade lines, and improperly changing the First Reported date that should remain static to December 2013. Doing so negatively reflects on Plaintiff's credit history and her credit worthiness.

18.     Experian is also at fault for the inaccurate credit reporting on Plaintiff's credit report.

19.     Experian allowed OneMain to change the First Reported date, and failed to conduct its own reasonable investigation.

3



20. In addition to the OneMain account, Experian was also changing dates, or allowing static dates to be changed on other trade lines being reported for Midland Credit Management, Inc. ("Midland").

21. Specifically, one trade line bearing account number 856457****, reported a Date of Status and First Reported Date as January 2015 on a September 2016 credit report.

22. Another trade line bearing account number 856569****, reported a Date of Status as September 2015 and the First Reported Date as August 2015.

23. A third trade line bearing account number 856575****, similarly reported a Date of Status of September 2015 and First Reported Date of August 2015.

24. Experian also received Plaintiff's disputes concerning the dates on these accounts, and despite Plaintiff's disputes, the dates were changed to February 2015 for the Date of Status and First Reported Date on the first account, October 2015 for the Date of Status and First Reported Date on the second account, and October 2015 for the Date of Status and First Reported Date on the third account.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY ONEMAIN

25. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

26. At all times pertinent hereto, OneMain was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

27. OneMain willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

4

28. OneMain willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report dates that were inaccurate.

29. OneMain willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

30. OneMain willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

31. OneMain willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

32. OneMain willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

33. OneMain's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, OneMain was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against OneMain for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

34. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.



5

35. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

36. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

38. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

39. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

40. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:   January 23, 2018
         Kearny, New Jersey

## JURY DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to R. 4:25-4.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS



## CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS