IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCES WEBSTER,<br><br>               Plaintiff,<br><br>    v.<br><br>ONEMAIN FINANCIAL, INC,<br><br>               Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>18-2711 (JBS/AMD)<br><br>**OPINION** |

APPEARANCES:

Daniel Zemel
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, NJ  07013
    Counsel for Plaintiff

Gregory Edward Reid
SILLS CUMMIS & GROSS PC
One Riverfront Plaza
Newark, NJ  07102
    Counsel for Defendant

**SIMANDLE**, District Judge:

I. **INTRODUCTION**

Plaintiff Frances Webster (hereinafter "Plaintiff") seeks damages against Defendant OneMain Financial, Inc. (hereinafter "OneMain") for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., (hereinafter, "FCRA"), alleging that OneMain is a furnisher of information to a credit reporting agency concerning the collection of Plaintiff's disputed credit card debt. Plaintiff alleges that OneMain provided information

that was false, misleading and inaccurate, whereby OneMain "willfully and negligently" failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b), giving rise to liability for damages pursuant to 15 U.S.C. § 1681n (actual, statutory and punitive damages for willful conduct), or in the alternative pursuant to 15 U.S.C. § 1681o (actual damages for negligent conduct).[1]

This matter comes before the Court by way of Motion to Compel Arbitration [Docket Item 17][2] filed by OneMain on July 12, 2018. Plaintiff opposes the motion. (Brief in Opposition [Docket Item 18].) OneMain filed a Reply Brief [Docket Item 19] indicating that OneMain believed it was possible to resolve the present motion by stipulation.[3]

---

[1] The Complaint also asserted a claim in Count Two against Defendant Experian Information Solutions, Inc., for violating the FCRA by failing to maintain reasonable practices to assure accuracy of reported information (Complaint [Docket Item 1-1], Count Two.) A notice of settlement appears on the docket on May 31, 2018 [Docket Item 15], several months before OneMain filed the present motion to compel arbitration. Only the dispute between Plaintiff and OneMain remains before this Court.

[2] The present motion also seeks to stay this matter pending arbitration and seeks an award of attorneys' fees incurred in bringing the present motion. (Def.'s Br. [Docket Item 17-1], 14-17.)

[3] On November 6, 2018, the Court issued a Text Order [Docket Item 32], seeking a status update on the present motion. In separate letters, both OneMain [Docket Item 35] and Plaintiff [Docket Item 36] indicated that no mutually agreeable stipulation had yet been reached. On November 16, 2018, the Court issued a Letter Order [Docket Item 37] requiring in part that counsel for OneMain inform

The Court has now considered the parties' submissions and oral argument on December 3, 2018, and, for the reasons set forth below, the Court shall deny OneMain's present Motion to Compel Arbitration [Docket Item 17].

**II. BACKGROUND**

On January 24, 2018, Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey, Law Division – Special Civil Part, Burlington County, Docket No. BUR-DC-000548-18, alleging that OneMain violated the federal Fair Credit Reporting Act in relation to a loan made by OneMain to Plaintiff. (See Complaint [Docket Item 1-1].) On February 26, 2018, OneMain removed the action to this Court. (See Notice of Removal [Docket Item 1].) On March 19, 2018, OneMain filed an Answer to Plaintiff's Complaint. (See Answer [Docket Item 9].)

Thereafter, OneMain filed the present Motion to Compel Arbitration [Docket Item 17]. OneMain argues that this case is subject to the mandatory arbitration provisions of the loan agreement between the parties, while Plaintiff argues that this

---

the Court, by no later than November 27, 2018, whether a mutually agreeable stipulation had yet been reached, and in the event that no mutually agreeable solution had been reached, the Court would hold oral argument on December 3, 2018. On November 27, 2018, counsel for OneMain filed a letter [Docket Item 38] indicating that no mutually agreeable stipulation had yet been reached. As such the Court held oral argument, by way of telephone conference, on December 3, 2018.

case is within the small claims exclusion of the parties' arbitration agreement.

**III. STANDARD OF REVIEW**

The Court has federal question jurisdiction over this FCRA claim pursuant to 28 U.S.C. § 1331.

The Third Circuit has held that

> [m]otions to compel arbitration are decided under the same standard applied to motions for summary judgment. [Kaneff v. Del. Title Loans, Inc., 587 F.3d 616, 620 (3d Cir. 2009).] Summary judgment is only proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing a motion to compel arbitration bears the burden of proving the arbitration clause unenforceable. Green Tree Fin. Corp.–Ala. v. Randolph, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L.Ed.2d 373 (2000). All reasonable inferences from the evidence are to be granted to the party opposing arbitration. Kaneff, 587 F.3d at 620.
>
> Under the Federal Arbitration Act (FAA), arbitration clauses are just as "valid, irrevocable, and enforceable" as any other contractual obligation, 9 U.S.C. § 2, and cannot be invalidated by "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, [563 U.S. 333] (2011). Accordingly, courts may only invalidate arbitration clauses on the grounds of "generally applicable contract defenses, such as fraud, duress, or unconscionability." Id. (quoting Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L.Ed.2d 902 (1996)).

Antkowiak v. TaxMasters, 455 F. App'x 156, 159 (3d Cir. 2011).

4

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

**IV. DISCUSSION**

In the present Motion to Compel Arbitration, OneMain argues that Plaintiff's claim is subject to arbitration under the express terms of the loan agreement between the parties. (Def.'s Br. [Docket Item 17-1], 7-14.)

The arbitration agreement contained in the contract between the parties states in pertinent part:

> **Definitions for Arbitration Agreement.** . . .
> "Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us.

5

[. . .]

**Agreement to Arbitrate Claims.** Upon written request by either party that is submitted according to the Rules for arbitration, any Claim, except those specified below in this Agreement, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the then applicable Rules of the chosen "Administrator", and (iii) this Agreement, unless [the parties] both agree in writing to forgo arbitration. . . .

[. . .]

We or You may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment. You and We also agree to submit to final, binding arbitration not only all Claims, but also any claim or dispute You or We have against (i) all persons and/or entities involved with any Credit Transaction or any other matter relating to this Disclosure Statement, Note and Security Agreement, (ii) all persons and/or entities who signed or executed any document relating to any Credit Transaction or Claim, and (iii) all persons and/or entities who may be jointly or severally liable to either You or any of Us regarding any Claim.

[. . .]

**Claims Excluded from Arbitration.** Neither [party] may require the other to arbitrate the following types of matters: . . . Any Claim where all parties collectively (including multiple named parties) seek monetary relief in the aggregate of $15,000.00 or less in total relief, including but not limited to compensatory, statutory and punitive damages, restitution, disgorgement, costs and fees

>               (including attorneys' fees); or any Claim
>               brought in and subject to the jurisdiction of
>               a small claims court, so long as such matter
>               remains in such court and advances only an
>               individual, non-class Claim. Any Claims
>               asserted on behalf of a putative class of
>               persons, will, for purposes of this exclusion,
>               be deemed to exceed $15,000.00. In the event
>               that any party fails to specify the amount
>               being sought for any relief, or any form or
>               component of relief, the amount being sought
>               shall, for purposes of this exclusion, be
>               deemed to exceed $15,000.00, unless the matter
>               remain in and subject to the jurisdiction of
>               the small claims court.

(Arbitration Agreement [Docket Item 17-4], 1.)

Plaintiff asserts that she cannot be compelled to arbitrate this claim, because the present suit falls under the "small claims exception" contained within the arbitration agreement (that is, the last-referenced provision above), because Plaintiff has not sought monetary relief in excess of $15,000.

As the Third Circuit has made clear, it is the movant's burden, in this case, OneMain's burden, to establish that there is no genuine dispute of material fact regarding the applicability of the arbitration agreement and that OneMain is entitled to arbitrate this claim as a matter of law. Antkowiak v. TaxMasters, 455 F. App'x 156, 159 (3d Cir. 2011); FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Therefore, in the present context, it is OneMain's burden to show that there is no genuine dispute of material fact as to the applicability of the arbitration agreement and the

non-applicability of the "small claims exception" contained therein.

In the Summons attached to Plaintiff's Complaint in the Special Civil Part of the Superior Court of New Jersey, Plaintiff made a demand of $5,194.00, a number which was reiterated in Plaintiff's opposition to the present motion. (See Summons [Docket Item 1-1], 3 on the docket; Pl.'s Opp'n [Docket Item 18], 3.) OneMain had not addressed the small claims exclusion in its moving papers.

OneMain's reply [Docket Item 19], while speculating that Plaintiff's recovery could theoretically exceed $15,000, does not point to any evidence on the record that Plaintiff is in fact seeking an amount in excess of $15,000.

The amount of recovery sought by Plaintiff is a material fact, insofar as it determines the applicability of the "small claims exception" to the arbitration agreement. In this case, there appears to be a dispute of material fact as to whether the amount of money sought by Plaintiff in this suit, within the applicable definition of the parties' arbitration agreement, exceeds $15,000.

Plaintiff's demand, as noted, was $5,194.00 in the Special Civil Part. This demand accompanied the Complaint which seeks, against OneMain, "the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's

fees." (Complaint [Docket Item 1-1], WHEREFORE clause.) In other words, in terms of the small claims exclusion clause, above, the sole indication by Plaintiff of the "monetary relief in aggregate" sought by Plaintiff herein from OneMain, so far as the record shows, is the sum of $5,194.00 including statutory or actual damages, punitive damages, costs, interest and attorney's fees. Plaintiff's counsel has also indicated that he has communicated to defense counsel "Plaintiff's full demand for relief, inclusive of all damages, costs, and fees [in which] the demand never rose up to or above $15,000." (Pl.'s Opp'n [Docket Item 18], 3 (citing Zemel Cert. [Docket Item 18-1], ¶ 8).)

Despite this rather clear history of this case being in the sub-$15,000 region for "monetary relief in the aggregate," OneMain does not mention the small claims exclusion in its moving brief. Instead, OneMain argues that Plaintiff "argued—for the first time—that her recovery in this action is capped at $15,000." (Def.'s Reply [Docket Item 19], 1.) The defense is reading more into Plaintiff's position than the language of Plaintiff's Opposition Brief on the relevant language of the arbitration clause requires. Under the small claims exclusion, <u>supra</u>, the precise language is whether "all parties collectively (including multiple named parties) <u>seek monetary relief in the aggregate of $15,000.00 or less</u> in total relief, including but not limited to compensatory, statutory and punitive damages,

restitution, disgorgement, costs and fees (including attorneys' fees). . . ." (emphasis added). There can be little doubt that Plaintiff <u>seeks</u> less than $15,000.00. While it may be plausible to <u>imply</u> a cap on total recovery of $15,000.00, there is literally nothing in the parties' arbitration agreement that ultimately imposes $15,000.00 as a cap. It is possible that a recovery after trial can exceed a plaintiff's demand where statutory damages or punitive damages are unliquidated. Thus, for a plaintiff to agree that the aggregate amount sought does not exceed $15,000.00 is not the equivalent of stipulating that recovery is capped at $15,000.00.

This absence of a recovery cap is especially clear where OneMain has removed this case from the Special Civil Part of the Superior Court of New Jersey, where such a $15,000.00 cap is structural. N.J. CT. R. 6:1-2(a)(1). When OneMain removed this federal claim form the Special Civil Part to this federal district court, it also lost the benefit of the Special Civil Part cap.[4]

---

[4] A federal court, upon removal of a matter from state court, is not constrained by the state court's limitations on its own jurisdiction, because the doctrine of "derivative jurisdiction," (that is, the notion that the federal court upon removal derives its jurisdiction from whatever jurisdiction the state court had, regardless of whether the case could have been brought in the federal court initially) has been abolished. 28 U.S.C. § 1441(f).

10

In any event, for present purposes, it suffices to say, as this Court finds, that there is sufficient evidence from which a reasonable factfinder can determine that Plaintiff has at no time sought monetary relief in the aggregate of more than $15,000.00.

As such a dispute remains at this time, OneMain has failed to meet its burden to show that there is no dispute of material fact regarding the applicability of the arbitration clause. The Court shall deny OneMain's motion in full, including OneMain's requests to stay the present action and to recover attorneys' fees with respect to the preparation of the present motion.[5] This denial is without prejudice to OneMain's right to compel arbitration if circumstances change, consistent with the logic of this opinion.

---

[5] Although not the subject of a separate motion, Plaintiff's brief argues for imposition of sanctions upon defense counsel consisting of an award of attorney's fees pursuant to 28 U.S.C. § 1927 for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." (Pl.'s Opp'n [Docket Item 18], 4 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).) However, Plaintiff withdrew this request on the record during oral argument for this motion. Therefore, the Court shall dismiss Plaintiff's request for attorney's fees without prejudice to Plaintiff's right to later seek reasonable fees on this or any other basis, including statutory fee shifting if Plaintiff is the prevailing party.

**V.   CONCLUSION**

For the foregoing reasons, the Court will deny OneMain's Motion to Compel Arbitration. An accompanying Order shall be entered.

**December 3, 2018**　　　　　　　　　　**s/ Jerome B. Simandle**
DATE　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　U.S. District Judge